CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 3 1 2006

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANDRE SYLVESTER WATTS,          )
    Plaintiff,          )          Civil Action No. 7:05CV00601
              )
v.          )          **MEMORANDUM OPINION**
              )
FEDERAL BUREAU OF PRISONS,          )          By: Hon. Glen E. Conrad
    Defendant.          )          United States District Judge

Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as a petition

for writ of habeas corpus under 28 U.S.C. § 2241. Watts seeks equitable relief for an alleged due

process violation stemming from his increased custody classification. Based on the nature of

Watts's claim, the court agrees with the Federal Bureau of Prisons (Bureau) that this action is

more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed.

Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons that follow, the court will grant the

Bureau's motion to dismiss.

## BACKGROUND

On May 26, 1999, Watts was convicted of robbery and assault on a police officer in the

Superior Court of the District of Columbia. Watts was sentenced to consecutive terms of three to

nine years for the robbery conviction and one to three years for the assault conviction. Watts has

been incarcerated at the United States Penitentiary in Lee County, Virginia since 2004.

On February 5, 2005, Watts was classified in accordance with Bureau of Prisons Program

Statement (P.S.) 5100.07. This program statement contains the procedure for assigning custody

levels to inmates according to their criminal histories, current offense[*], and institutional behavior. An inmate's custody level dictates the degree of staff supervision required for that inmate. See P.S. 5100.07, Chapter 2, Page 2. Watts was ultimately assigned to "in" custody, which requires the second highest level of security and staff supervision. Id. Watts's custody classification was based, in part, on the severity of his current offense. The program statement provides that any robbery offense is considered an offense of the "greatest severity." Id., Appendix B, Page 1. As a result of having committed an offense of the greatest severity, seven points were added to Watts's base score. Id., Chapter 8, Page 4.

Watts now alleges that the Bureau improperly calculated his custody calculation score, and that the Bureau's improper calculation has affected his ability to transfer to a lower security facility.

## DISCUSSION

The Bureau has moved to dismiss Watts's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion under this rule, the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." E. Shore Mkt., Inc. v .J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. The court should not dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the plaintiff

---

[*] An inmate's current offense is "the most severe offense for which the inmate is satisfying his or her legal confinement obligation." P.S. 5100.07, Chapter 2, Page 2.

2

can prove no set of facts in support of his claim that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

In his complaint, Watts appears to allege that the Bureau violated his right to due process by classifying him at a higher level. The court agrees with the Bureau that such allegations fail to state a claim upon which relief may be granted. In order to establish a due process claim, "'a plaintiff must prove that he possessed a protected liberty or property interest and that he was deprived of that interest without being afforded the process to which he was constitutionally entitled.'" <u>Posey v. DeWalt</u>, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999) (quoting <u>Jackson v. Bostick</u>, 760 F. Supp. 524, 528 (D. Md. 1991)). As the Bureau explains in its motion to dismiss, Watts has no protected liberty interest in a particular custody classification or in being confined in a particular institution. <u>See Id.</u>; <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Moody v. Daggett</u>, 429 U.S. 78, 88 at n. 9 (1976). Instead, the Bureau "has the discretion 'to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever and for no reason at all.'" <u>Posey</u>, 86 F. Supp. 2d at 571 (quoting <u>Lyons v. Clark</u>, 694 F. Supp. 184, 187 (E.D. Va. 1988)). Since Watts does not have a protected interest in a particular classification or in being assigned to a particular institution, his due process claim must be dismissed.

In response to the Bureau's motion, Watts also alleges that P.S. 5100.07 should be rescinded, because the Bureau failed to afford him "notice and opportunity to comment as mandated under 5 U.S.C. § 553 before its implementation." However, because the Bureau's program statement is analogous to an interpretative rule, it is excluded from the Administrative Procedure Act's notice and comment provisions. <u>See Reno v. Koray</u>, 515 U.S. 50, 59 (1995).

3

## CONCLUSION

For the reasons stated, the court concludes that Watts has failed to state a claim upon which relief may be granted. Accordingly, the court will grant the Bureau's motion to dismiss. The Clerk is directed to send a certified copy of this opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 21st day of January, 2006.

_____
United States District Judge

4