CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 3 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

ANDRE SYLVESTER WATTS,      )
    Plaintiff,             )      Civil Action No. 7:05CV00601
                               )
v.                        )      __MEMORANDUM OPINION__
                               )
FEDERAL BUREAU OF PRISONS,  )      By: Hon. Glen E. Conrad
    Defendant.          )      United States District Judge

       Andre Sylvester Watts, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Watts alleged that the Federal Bureau of Prisons improperly calculated his custody calculation score, and that the Bureau's improper calculation affected his ability to transfer to a lower security facility. Based on the nature of Watts's allegations, the court ruled that the action was more appropriately construed as one arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). By opinion and order entered January 31, 2006, the court granted the Bureau's motion to dismiss. Watts has now filed a motion for reconsideration (docket #20).[*] For the reasons that follow, the court will deny the motion.

       Watts first argues that the court erred by failing to provide proper notice before the court construed his petition as a civil rights action. Watts contends that proper notice is required by United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). In Emmanuel, the United States Court of Appeals for the Fourth Circuit was "asked to decide what procedures a district court should follow prior to converting a prisoner's mislabeled or unlabeled post-conviction motion into the movant's first [motion under 28 U.S.C. § 2255]." Id. at 645. Because a prisoner may only file a

---

    [*] Watts styled his motion for reconsideration as a motion to amend findings under Rule 52(b) of the Federal Rules of Civil Procedure. However, Rule 52 only applies to actions tried upon the facts without a jury.

second or successive § 2255 motion in limited circumstances, the Court held that "if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion." Id. at 649. However, since similar limitations are not imposed upon prisoners who wish to file a second or subsequent civil rights action, Emmanuel is inapplicable to the present case.

Watts next appears to argue that the court erred in dismissing his claim that Bureau of Prisons Program Statement 5100.07, which contains the procedure for assigning custody levels to inmates, should be rescinded. However, the only reason Watts provided for rescinding the program statement was that the Bureau failed to afford notice and an opportunity to comment before the Program Statement was implemented. As the court explained in its previous opinion, the Program Statement is excluded from the Administrative Procedure Act's notice and comment provisions. See Reno v. Koray, 515 U.S. 50, 59 (1995). Accordingly, Watt's second argument is without merit.

As a third argument, Watts appears to again argue that the Bureau violated his due process rights by classifying him at a higher custody level. Having reviewed Watts's allegations, the court remains convinced that his due process claim was properly dismissed.

As a final argument, Watts contends that the court erred in dismissing this action before issuing a ruling on his motion to compel responses to interrogatories. However, the court did not receive a copy of the motion to compel until the day after the action was dismissed. Moreover, because the court concluded that Watts's claims were legally insufficient, his motion to compel is moot.

2

For the reasons stated, the court will deny Watts's motion for reconsideration. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 13ᵗʰ day of February, 2006.

_____
United States District Judge

3